UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU | : | Civil Action No. 05-4924 |
| | : | |
| | | Hon. Jose J. Linares, U.S.D.J. |
| Plaintiff(s), | : | |
| vs. | : | **REPORT & RECOMMENDATION** |
| ALLSTATE INDEMNITY COMPANY ARTHUR'S LANDING. | : | |
| Defendant(s). | : | |

## INTRODUCTION

      This matter comes before me on the motion of plaintiff Employers Insurance Company of Wausau ("Wausau") for default judgment. Defendant Allstate Indemnity Insurance ("Allstate") opposes the motion. The motion has been referred to me by Judge Linares. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## PROCEDURAL BACKGROUND

Wausau filed its Complaint against Allstate on October 13, 2005. Based on Allstate's failure to file an answer or otherwise respond, Wausau moved for default, which was entered seven days later. On January 5, 2006, Kevin McGee appeared on behalf of Allstate and moved to vacate default. On January 12, 2006, Wausau moved for default judgment. The parties stipulated, and the Court ordered on February 8, 2006, that Wausau's motion be heard and that, should it be denied, the motion to vacate should be granted or, if it should be granted, the motion to vacate be denied.

The facts relevant to this motion, as set forth in Wausau's brief, are uncontested and will not be repeated herein.

## ANALYSIS

Rule 55(b) states in relevant part:

> Judgment by default may be entered as follows:
>
> (2) By the Court: in all other cases the party is entitled to a judgment by default shall apply to the court therefor ... If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when as required by any statute of the United States.

In this Circuit, default judgments are disfavored and determinations on the merits are encouraged. See, e.g., Harad v. Aetna Casualty & Surety Co., 839 F.2d 979, 982 (3d Cir. 1988). In setting aside default, the court must consider three factors: "whether vacating the default judgment will visit prejudice on the plaintiff, whether the defendant has a meritorious defense, and whether the default was the result of the defendant's culpable conduct." Harad, 839 F.2d at 982. In United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984), the Third Circuit required the party moving to set aside default to set forth the basis for its defenses with specificity in order to make a determination on the merits.

Here, the parties stand in a unique position. The defaulting party make a formal appearance before this Court after entry of default but prior to the grant of default judgment. Allstate opposes the grant of Wausau's motion, asserting legal defenses. Wausau states that, "Allstate's admitted failure to timely respond to the Complaint could truly have a prejudicial

effect" emanating from the continued funding of the defense of an action instituted by Deborah Woods in the Superior Court of New Jersey, Law Division, Union County.  The state litigation began in May of 2005 and this Complaint was not filed until October of 2005.  While the delay in responding to the Complaint is unexcusable as (Allstate does not set forth any reason for delay), at this early stage of litigation any legally cognizable prejudice to Wausau is negligible.  Consistent with the principles favoring a determination on the merits, I will proceed to address the meritoriousness of Allstate's defenses.

There is no dispute that New Jersey law governs this case.  "As in diversity cases, 'we are not free to impose our own view of what state law should be; we are to apply state law as interpreted by the state highest court.'"  Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 443 (3d Cir. 2003).  It is well-established that insurance contracts are interpreted as a matter of law.  12th Street Gym, Inc. v. General Star Indem. Co., 93 F.3d 1158, 1165 (3d Cir. 1996).  Under New Jersey law, where the language of an insurance policy is clear and unambiguous, it must be given its plain and ordinary meaning.  Newport Assoc. Dev. Co. V. The Travelers Indem. Co. of Illinois, 162 F.3d 789, 791 (3d Cir. 1998); Webb v. AAA Mid-Atlantic Ins. Group, 348 F. Supp.2d 324, 328 (D.N.J. 2004).

> The courts should give effect to '[t]he objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of the insurance contracts' ... A court will construe ambiguous language in favor of coverage for the insured ... An ambiguity exists in an insurance contract '[w]hen an insurance policy's language fairly supports two meanings, one that favors the insurer, and the other that favors the insured.'

Webb, 348 F. Supp.2d at 328 (citations omitted).

It is undisputed that Woods is the holder of an Allstate Business Auto Policy, effective

January 1, 2003 and with an expiration date of January 1, 2004.  The policy provides in relevant part:

> We will pay all sums an insured legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies cause by an accident and resulting from the ownership, maintenance or use of a covered auto.

It is also uncontested that Woods sustained a bodily injury on May 23, 2003.  However, Allstate maintains that coverage is unavailable to Wausau because Woods did not incur her injuries as a result of her "use" of the vehicle.  Paragraph 8 of the Complaint states that Woods sustained her injuries as a result of a slip and fall while unloading cargo at a Merrill Corporation ("Merrill") loading dock in Union, New Jersey.  Merrill is the holder of a Wausau Commercial General Liability Policy, pursuant to which Wausau is providing a legal defense to Merrill in the state litigation instituted by Woods.  The ultimate question here is whether Merrill is entitled to indemnification from Allstate concerning costs and payments associated with the state litigation.

N.J.S.A. 39:6B-1 and N.J.S.A. 17:28-1.4 mandate certain minimum insurance coverage for any vehicle registered, garaged and /or operated in New Jersey.  N.J.S.A. 39:6B-1 requires coverage for bodily injury, death and property damage sustained by any person "arising out of the ownership, maintenance, operation or use of a motor vehicle."  The term "use" "must be broadly construed in order to effectuate the overriding legislative policy of assuring financial protection for the innocent victims of motor vehicle accidents."  Kennedy v. Jefferson Smurfit Co., 147 N.J. 394, 403 (1997).  In Pisaneschi v. Turner Constr. Co., 345 N.J. Super. 336 (App. Div. 2001), the court interpreted the term "use" to include loading and unloading of a vehicle stating: "[i]mplicit within that requirement is the obligation to provide omnibus liability coverage

to all persons who 'use' the named insured's vehicle by participating in its loading and unloading." Id. at 343.  Nonetheless, the liberal interpretation of the term is not without limitation as "it is not intended to insure all defendants against all claims arising from any accident in any way incident to loading/ unloading irrespective of causation, that is, irrespective of defendant's actual involvement with the insured vehicle itself." Id.  Accordingly, "the pertinent inquiry is whether the acts of negligence charged to defendants were part of the overall loading or unloading operation so that, in the commission of the negligent acts charged, defendants can be said to have been using the vehicle and thereby became additional insureds under the policy." Id. at 344.

The parties agree that Woods sustained her injuries while loading/ unloading cargo at the loading dock.  Allstate alleges without further explanation that the accident was not that of loading/unloading but one of negligent maintenance of the premises.  Allstate failed to provide any factual basis to determine whether the negligent act was one which was necessary to carry out the loading and unloading under the "complete operation" test.  "Under New Jersey's 'complete operation" doctrine, 'loading and unloading' insurance 'covers the entire process involved in the movement of goods, from the moment they are given into the [named] insured's possession until they are turned over at the place of destination to the party whom delivery is to be made.'" Pisaneschi, 345 N.J. Super. at 344, (citation omitted).

Allstate failed to timely answer and engaged in unreasonable delay, causing unnecessary delay, albeit with minimal prejudice to Wausau.  To date, Allstate has not responded to any of Wausau's allegations set forth in the Complaint.  Mor importantly, and with the exception of the broad allegation that the accident was not of loading/ unloading type, Allstate failed to set forth

any factual basis on which the Court may reach a determination on the merits.  Because Allstate failed to show a meritorious basis for its defense, Wausau's motion should be granted.

## CONCLUSION

For the reasons set forth above, I recommend that plaintiff's motion be GRANTED and default judgment be entered.

In accordance with the stipulated order, Allstate's motion to vacate default should be denied.

Pursuant to Local Civil Rule 72.1(c)(2), the parties shall have ten (10) days from receipt of this Report and Recommendation and Order to file and serve objections thereto.

s/ Ronald J. Hedges
United States Magistrate Judge

cc:     Hon. Jose L. Linares, U.S.D.J.